UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. ZAHER MERHI,

                                    Plaintiff,

            -against-

TD BANK, N.A.,

                                    Defendant.

Case No. 1:25-cv-10316 (JLR)

**<u>OPINION AND ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is the third attempt by Plaintiff Zaher Merhi ("Plaintiff" or "Merhi") and/or his single-member limited liability company, Rejuvenating Fertility Center, PLLC ("RFC"), to sue Defendant TD Bank, N.A. ("Defendant" or "TD Bank") in connection with losses incurred based on fraudulent deductions from RFC bank accounts at TD Bank in November 2022.  *See generally* Dkt. 1-1 ("Compl." or "Complaint"); *see also Rejuvenating Fertility Ctr., PLLC v. TD Bank, N.A.*, No. 23-cv-05973 (JLR), 2025 WL 588570, at *2, *9 (S.D.N.Y. Feb. 24, 2025) (noting prior dismissal of RFC's initial complaint but with leave to amend, and then dismissing amended complaint with prejudice).  On December 19, 2025, Defendant filed a motion to dismiss this latest Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6), 8(c), and 9(b).  For the following reasons, the Court GRANTS the motion under Rule 12(b)(6).

BACKGROUND

## A.  Prior Litigation

The history of this action dates back several years.  On July 12, 2023, RFC filed a complaint against TD Bank alleging negligence, gross negligence, breach of contract, and violations of the Uniform Commercial Code ("UCC").  *See Rejuvenating Fertility Ctr.*, 2025 WL

588570, at *1. RFC later dropped its UCC claim, and the Court dismissed the remaining claims on April 30, 2024, with leave to amend. *Id.* On May 1, 2024, RFC amended its complaint to assert breach of contract and gross negligence claims. *Id.* On February 24, 2025, the Court dismissed RFC's amended complaint for failure to state a claim without leave to replead and denied leave to amend to add claims for negligence and violation of New York General Business Law ("GBL") § 349 because such claims would be futile. *Id.* at *7-9.

RFC's initial and amended complaints related to an email scam that RFC received on November 1, 2022, requesting a $204,000 payment; as requested, RFC sent the wire transfer from its TD Bank account to another TD Bank account on the same day. *Id.* at *2. On November 9, 2022, RFC noticed a fraudulent check withdrawal for the same amount from another account maintained by RFC at TD Bank. *Id.* Merhi reported the fraudulent wire transfer and check to TD Bank and, according to RFC, TD Bank did not take appropriate steps to recover the funds. *Id.* As noted, the Court dismissed RFC's amended complaint on February 24, 2025, with prejudice and without leave to amend. *Id.* at *9. RFC did not appeal that dismissal.

### B. Current Action

About nine months later, on November 7, 2025, Merhi, the sole member of RFC and now appearing *pro se*, filed a new complaint in his name in the Supreme Court of the State of New York. *See* Compl. TD Bank removed the action to this Court on December 12, 2025. Dkt. 1.

The Court accepts the factual allegations in the present Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024). Merhi alleges that on November 1, 2022, he visited a TD Bank and executed a wire transfer for $204,000 from his TD Bank account to another TD Bank account based on an email that he had received purporting to be from his real estate attorney, but that was in fact a fraudulent scam. Compl. ¶¶ 11-12. On November 9, 2022, Merhi discovered an unauthorized

check withdrawal for the same amount from another TD Bank account. *Id.* ¶ 13. Merhi reported the fraudulent wire and check transactions to TD Bank and, according to Merhi, TD Bank did not take appropriate steps to address the fraud or recover the funds. *Id.* ¶¶ 13-15. Merhi brings claims for negligence, fraud/negligent misrepresentation, and violation of GBL § 349. *Id.* ¶¶ 27-42.

On December 19, 2025, TD Bank moved to dismiss the Complaint pursuant to Rule 12(b)(6), 8(c), and 9(b). Dkt. 5 ("Mot."); Dkt. 8 ("Br."). On January 6, 2026, Merhi filed his brief in opposition to the motion to dismiss. Dkt. 9 ("Opp."). TD Bank filed its reply on January 8, 2026. Dkt. 10 ("Reply"). The motion is fully briefed.

## DISCUSSION

TD Bank raises several grounds for dismissal of the Complaint, including that it is barred by the doctrine of *res judicata* and collateral estoppel, that Merhi cannot enforce rights belonging to RFC or represent RFC *pro se*, that Article 4-A of the UCC displaces Merhi's common law fraud and negligence claims, that the negligence claim must be dismissed because banks do not owe a duty of care to non-customers like Merhi since the bank accounts were in RFC's name, that Merhi's fraud claim is not pleaded with sufficient particularity, and that Merhi's claim under GBL § 349 fails to allege the required consumer-oriented conduct directed at the public. Br. at 2. The Court finds that the Complaint is barred by *res judicata* and therefore does not reach the alternative grounds for dismissal.

### A. Legal Standard

While *res judicata* is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), "[a] court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir.

3

2014); *see also Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) ("[W]hen all relevant facts are shown by the court's own records, of which the court takes notice, the [*res judicata*] defense may be upheld on a Rule 12(b)(6) motion without requiring an answer."); *accord Flowers v. Connecticut Light & Power Co.*, No. 21-860, 2021 WL 5564085, at *1 (2d Cir. Nov. 29, 2021) (summary order); *Michaelesco v. Est. of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009) (summary order) (affirming dismissal of case under Rule 12(b)(6) on *res judicata* grounds). An action is barred by *res judicata* if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). All three elements of the *res judicata* test are met here.

The previous action, *Rejuvenating Fertility Center*, was adjudicated on the merits. This Court twice dismissed the action brought by RFC based on allegations related to TD Bank's failure to recoup monies that were transferred out of RFC's TD Bank account on November 1, 2022, and November 9, 2022, for failure to state a claim. *See Rejuvenating Fertility Ctr.,* 2025 WL 588570, at *2, 9.

While Merhi was not a party to the prior action brought by RFC, Merhi is in privity with RFC such that the second element is satisfied. "It is well settled in this circuit that literal privity is not a requirement for *res judicata* to apply. Instead, a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" *Monahan*, 214 F.3d at 285 (citation omitted) (quoting *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989)). Merhi was the sole member of RFC, *see Rejuvenating Fertility Ctr.*, 2025 WL 588570, at *1, and thus exercised meaningful control over decisions involving the company, including the litigation of that prior

action ; his interests were adequately represented by RFC, which was the account owner for the TD Bank accounts from which the alleged fraudulent transfers occurred, Opp. at 7 ("Plaintiff's position is consistent: the account belonged to RFC[.]"); and Merhi does not dispute that he is in privity with RFC, *see generally id.* Thus, the second element is satisfied. *See Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, No. 09-cv-06148 (VM) (MHD), 2012 WL 12932049, at *39 (S.D.N.Y. July 17, 2012) (privity established for purposes of *res judicata* analysis where sole owner of prior plaintiff "clearly had notice of the suit by virtue of that ownership" and presumably had "control over decisions involving the corporation" with which his interests were aligned and represented in prior action), *report and recommendation adopted sub nom. Cardell Fin. Corp. v. Suchodolksi Assocs., Inc.*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012).

The third element for *res judicata* has also been satisfied because the claims asserted here were, or could have been, raised in the prior action. The earlier action concerned the same transactions on November 1, 2022, and November 9, 2022, and the same performance deficiencies by TD Bank in failing to address the fraud and recoup RFC's money. Merhi disputes that the same claims are at issue because, in the present action, he alleges that when he "visited a TD Bank branch to execute a wire transfer related to a real estate settlement" on November 1, 2022, the TD Bank employee facilitated the wire transfer that he authorized by copying the wire instructions from the (business scam) email on Merhi's cell phone, Compl. ¶ 11, thereby "assum[ing] control over the transaction execution," Opp. at 6. According to Merhi, this means that *res judicata* does not apply because the present action "is based on distinct misconduct" of "affirmative acts" by TD Bank, and the prior action characterized TD Bank "as a passive intermediary" in the wire transaction. Opp. at 6. The Court is not persuaded by Merhi's attempts to recast his present claims to try to distinguish them from the prior action. The allegation that TD Bank facilitated the requested wire transfer with information from

5

Merhi's cell phone is similar to his allegation in the prior action that "Dr. Merhi went to his TD Bank branch and provided the banker with his cell phone and wrote down the account number with the name of the recipient."  Compl. ¶ 33, *Rejuvenating Fertility Ctr., PLLC v. TD Bank*, No. 23-cv-05973 (JLR) (S.D.N.Y. July 12, 2023), Dkt. 1.  The fact that TD Bank used the information provided by Merhi to execute a requested wire transfer does not alter the factual predicate for the asserted claims, as all wire transactions that an account holder asks a bank to conduct require the bank to obtain information from the account holder to affirmatively execute. Thus, the previous action concerned the same transactions and the same claims of malfeasance by TD Bank, such that the claims in the present action either were, or could have been, raised in the earlier action.  *See L-Tec Elecs. Corp. v. Cougar Elec. Org.* 198 F.3d 85, 88 (2d Cir. 1999) (finding claims "plainly barred by *res judicata*" because they "arise out of the same factual predicate as the original claims" and therefore "could have been raised in the original complaint").

Therefore, the three requirements for *res judicata* have been met, and the present action is precluded.[1]

---

[1] Plaintiff's request for leave to amend if the action is dismissed is denied because he asserts that he would amend to add further details about employee conduct, security policy violations, and causation, Opp. at 7, none of which would differentiate this case from the earlier case where TD Bank's actions vis-à-vis the November 2022 fraudulent transactions were adjudicated and resolved.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss this action pursuant to Rule 12(b)(6) is GRANTED, and the case is dismissed.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. 5 and to close this case.

Dated: May 8, 2026
        New York, New York

                                            SO ORDERED.

                                            _Jennifer Rochon_
                                            _____
                                            JENNIFER L. ROCHON
                                            United States District Judge